UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Irene Bernice Benjamin, | Case No. 19-cv-1823 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| St. Cloud Hospital and Leanne Benjamin,[1] | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Irene Bernice Benjamin's Complaint, [Docket No. 1], as well as, her Application to Proceeds in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff's underlying Complaint contains allegations that Defendant St. Cloud Hospital violated Plaintiff's right to exercise her Native American religion because the hospital will not recognize her marriage to her husband. (Compl. [Docket No. 1]). As relief, she asks this Court to "restore" her marriage and the rights included with that marriage which Plaintiff alleges to include her "right to legally represent [her] husband in his medical care." (Id. at 4).

Plaintiff did not pay the filing fee in the present action; instead, she has sought to proceed in forma pauperis (hereinafter "IFP"). Typically, the Court considers the IFP application before any other action may be taken. However, here, the Court finds it appropriate to address subject matter jurisdiction as a requisite threshold consideration.

---

[1] LeAnne Benjamin was named in the caption of the complaint, but she was not identified in the factual or legal allegations, nor was she named on the IFP application. Regardless of whether or not Plaintiff intended to state a claim against LeAnne Benjamin, the lack of jurisdiction results in dismissal of this action.

Federal Courts have limited jurisdiction and may only hear matters which fall within the jurisdiction of the Federal Courts. Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). This creates in the Federal Courts a self-imposed duty to inquire whether the prerequisite of subject matter jurisdiction has been satisfied in every case before them. See, Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (providing that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991); Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) ("[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*.") (emphasis added) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Before a Court may consider the merits of a party's claims, the Court has an independent duty to ensure it possesses the requisite subject matter jurisdiction to adjudicate the party's claims. Fed. R. Civ. P. 12(h)(3); Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two types of federal subject matter jurisdiction: A federal district court may have subject matter jurisdiction based on either federal question jurisdiction, 28 U.S.C. § 1331, or on the basis of diversity of citizenship, 28 U.S.C. § 1332. See, e.g., Briks v. Yeager, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019); Soltan v. Coburn, No. 9-cv-478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009) (citing 28 U.S.C. §§ 1331 and 1332; One Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)). It is the Plaintiff's

2

burden to establish that subject matter jurisdiction exists. See, Osborn v. United States, 918 F.2d 724, 730 (8th Cir.1990).

Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between— (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332.

In order for a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). The presence of a non-diverse party automatically destroys subject matter jurisdiction when jurisdiction is based solely on diversity. Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 389 (1998). Therefore, diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. Owen Equip., 437 U.S. at 374. Section 1332(a) specifically provides that there is not diversity between citizens of a State and citizens or subjects of a foreign state if the foreign subjects are admitted for permanent residence in the United States and are domiciled in the same State.

Plaintiff fails to demonstrate that subject matter jurisdiction based on diversity of citizenship exists in the present case as Plaintiff specifically assert that she and Defendant St. Cloud Hospital are residents of Minnesota. (See, Compl., [Docket No. 1], at 1–2). If Plaintiff and any Defendant are residents of the same state, then there cannot be diversity of citizenship. See, 28 U.S.C. § 1332.

Plaintiff likewise fails to demonstrate that subject matter jurisdiction exists based on a federal question in the present case as there is not any claim "arising under the Constitution, laws, or treaties of the United States." (See, Compl. [Docket No. 1]). While Plaintiff's Complaint indicates "Federal Question" as the "basis for federal court jurisdiction" and while she provided the "American Indian Religious Freedom Act . . . 42 U.S.C. 1996" as the "basis for" that purported "Federal Question" jurisdiction, 42 U.S.C. § 1996 cannot serve as the basis upon which this Court asserts subject matter jurisdiction.

Section 1996 is the American Indian Religious Freedom Act. Plaintiff asserts this is the basis for subject matter jurisdiction in the present case. However, the Eighth Circuit has explicitly held that Section 1996 does not create a federal cause of action or create any judicially enforceable right. Lockhart v. Kenops, 927 F.2d 1028, 1036 (8th Cir. 1996). Rather, the Eighth Circuit has explained that "AIRFA is merely a statement of federal policy to protect Indians' exercise of their religion; it confers no cause of action." Id. (citing Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439 (1988)). Accordingly, section 1996 cannot be the basis for federal question jurisdiction over the claims in Plaintiff's Complaint. See, Id.

Plaintiff does not identify, and this Court does not find, any other basis for subject matter jurisdiction over the purported claims identified in Plaintiff's Complaint. Even liberally construing Plaintiff's pleadings in her favor and drawing all reasonable inferences in her favor, Plaintiff has failed to allege sufficient facts upon which a basis for subject matter jurisdiction may be found.

Therefore, **IT IS HEREBY RECOMMENDED THAT** the present action be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Dated: September 4, 2019          s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).